LOUIS DORFMAN et ux., complainants-respondents,

*v.*

JOSEPH SEGAL, defendant-appellant.

[Submitted March term, 1925. Decided May 18th, 1925.]

A bill of complaint was filed to compel the specific performance of a contract, under which a decree by the court of chancery was made, compelling the defendant to perform his part of the contract by paying the consideration and accepting a deed for the premises. On appeal, it is *held*, the decree is supported by the evidence, that time was not of the essence of the contract, and the decree of the court of chancery is affirmed.

On appeal from a decree of the court of chancery.

*Mr. David Lesnick,* for the respondents.

*Mr. Nathan H. Berger,* for the appellant.

The opinion of the court was delivered by

BLACK, J.

This is a case of specific performance.

The bill of complaint was filed to compel the defendant to perform his part of a real estate contract, dated January 3d, 1924, by accepting a deed conveying complainant's factory property to him. The property consists of two tracts of land with a three-story and loft factory building located on Brandford street, in Newark. The title by the contract was to be passed on or before the 1st day of April, following. The property was to be free from all encumbrances, except two leases and a contract of insurance, dated February 19th, 1917. There was no expressed stipulation that time was to be of the essence of the contract. The vice-chancellor before whom the case was heard advised a decree in favor of the complainants, compelling the defendant to per-

form the contract by paying the consideration and accepting the delivery of a warranty deed from the complainants conveying the title to the defendant. The case is largely one of fact. The learned vice-chancellor reviews at some length the facts as developed by the testimony. It would serve no useful purpose to restate the facts as found by the vice-chancellor. Our reading of the testimony leads us to the same conclusion as that of the vice-chancellor, and we find the decree is supported by the evidence.

It may not be amiss, however, to point out some of the controlling facts. The evidence shows that between January 3d and April 1st, and also between April 1st and May 5th, 1924, there were many conversations had between the parties and their respective attorneys relating to the closing of the title to the premises, that on May 1st the defendant was notified by letter, *Exhibit C-4;* that on Monday, May 5th, 1924, at two P. M., at the office of his lawyer, was the time and place fixed by the complainants for passing the title. On that day a tender of a deed for the premises was made by the complainants to the defendant's solicitor, which was refused. Then, the bill of complaint was filed. After the case was heard, the vice-chancellor, on November 5th, 1924, permitted the defendant to file an amended answer setting forth a "second separate defense," which alleges that certain circumstances made time of the essence of the contract, and the complainants consistently refused to deliver possession of the premises at the time fixed in the contract.

The vice-chancellor found that none of the defenses were borne out by the testimony, that time was not of the essence of the contract, that the defendant was unwilling to live up to the performance of his part of the contract under any circumstances. With this view of the testimony we concur.

The only point stressed in the argument, by the defendant, on the appeal, is that the time of delivering possession, as shown by the facts, was of the essence of the contract. This, as stated, was found by the vice-chancellor not to be so.

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.